UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDWARD A. DIGGS, | ) |
|     Plaintiff, | ) |
| v. | ) No.: 3:23-CV-247-CEA-DCP |
| KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

    This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiff's Application to Proceed In Forma Pauperis with Supporting Documentation (the "IFP Application") [Doc. 2].

    Title 28 U.S.C. § 1915 permits an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The statute "ensure[s] that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed in forma pauperis ("IFP") is generally based solely on the affidavit of indigence. *See, e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that they are unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the plaintiff's financial situation will not permit them to pay for the costs of litigation and still be able to provide the necessities of life for themselves and their dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's IFP Application shows that he is able to pay the $402.00 filing fee while still affording the necessities of life for himself and his dependents. Plaintiff lists total assets of $814,460.43 and total liabilities of $479,715.75 [Doc. 2 pp. 4–6]. While Plaintiff reports being unemployed since December 2020, he receives $1,300.00 per month from rental income and $4,272.80 from VA disability compensation [*Id.* at 3]. Plaintiff's wife also earns $5,000 per month in income, for a total monthly income of both Plaintiff and his spouse of $10,572.80 [*Id.* at 8, 9].[1] Plaintiff's itemized monthly living expenses total $6,573.29 [*Id.* at 7]. Thus, the undersigned finds that Plaintiff has the ability to pay the filing fee while still affording the necessities of life for him and his dependents. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's IFP Application [**Doc. 2**] be **DENIED**.[2]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Plaintiff's IFP Application lists combined monthly income of $10,672.80 [Doc. 2 p. 9].

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).